# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIMBERLY DIANE SCHWARTZ,

    Plaintiff,

v.                                                              Case No. 8:19-cv-2696-T-60TGW

THE UNITED STATES NAVY, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO SEAL

This matter is before the Court on Plaintiff's *pro se* Emergency Motion to Seal, filed on October 29, 2019. (Doc. # 3). After reviewing the motion, court file, and the record, the Court finds as follows:

In her motion, it appears that Plaintiff seeks for this entire case to be placed under seal "due to the graphic nature of . . . being a rape victim including being tortured with an invisible laser." She additionally asserts that "unless people held to the higher standard are brought to justice in a civil courtroom this information should be sealed." (Doc. # 3).

Initially, the Court finds that Plaintiff has failed to comply with the requirements of Local Rule 1.09(a). Specifically, Plaintiff has failed to identify and describe the items proposed for sealing; provide the reason that a means other than sealing is unavailable or unsatisfactory; provide a statement of the proposed

duration of the seal; and provide a memorandum of legal authority supporting the seal.

However, regardless of her failure to comply with this rule, the Court would still deny relief. There is a common law right of access to judicial records, and a "strong presumption of openness does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation omitted); *see Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (explaining that "[a]bsent a showing of extraordinary circumstances," a court file must remain accessible to the public). As such, a party requesting to seal any portion of a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551 (internal quotation omitted). A party seeking to seal an entire record bears an even heavier burden. *Id.*

After considering the motion, the Court finds that Plaintiff has not met her burden of demonstrating that this civil case or any portion thereof should be sealed. *See Brownlee v. Monroe County Correctional Facility*, No. 1:18-cv-1318, 2019 WL 2160402, at *3 (M.D. Pa. May 17, 2019) (finding that an allegation that the media would exploit details of a plaintiff's rape as a form of entertainment for the public was too speculative to justify sealing the entire case); *Doe v. Family Dollar Stores, Inc.*, No. 1:07-cv-1262-TWT-CCH, 2007 WL 9706836, at *4 (N.D. Ga. Oct. 17, 2007) (concluding that an individual's privacy interest as a sexual assault victim was not

strong enough to override the judicial presumption of openness).  Consequently, Plaintiff's Emergency Motion to Seal is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's Emergency Motion to Seal (Doc. # 3) is denied.
2. The Clerk is directed to unseal the compliant (Doc. # 1) and all other documents filed in this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 30th day of October, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**