# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIMBERLY DIANE SCHWARTZ,

    Plaintiff,

v.                                           Case No. 8:19-cv-2696-T-60TGW

THE UNITED STATES NAVY, et al.,

    Defendants.
_____/

## ORDER DISMISSING AMENDED COMPLAINT AS FRIVOLOUS AND CLOSING CASE

This matter is before the Court *sua sponte* on Plaintiff's *pro se* amended complaint, filed on December 2, 2019.[1] (Doc. # 12). After reviewing the amended complaint, court file, and the record, the Court finds as follows:

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic

---

[1] The Court notes that Plaintiff initially filed her original complaint on October 29, 2019. (Doc. # 1). On November 7, 2019, she filed a document that appeared to be a different civil complaint. (Doc. # 6). On November 20, 2019, the Court ordered Plaintiff to clarify on or before December 4, 2019, whether she (1) wished to amend her complaint, or (2) intended to file this document as a new complaint in a separate case. (Doc. # 11). Plaintiff did not respond as directed and instead filed a new amended complaint. (Doc. # 12). The Court could dismiss the action for Plaintiff's failure to comply with the Court's November 20, 2019, Order. However, in the interest of judicial economy, the Court treats the December 2, 2019, amended complaint as the operative complaint and addresses it herein.

recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Plaintiff has filed a civil complaint against the United States Navy, Charlotte County Sheriff's Office, Charlotte County, North Port Police Department, "Lee County (FBI, DEA, CIA, and LCSO)," "Unknown Hackers," "Unknown Verbal Conjecture," "Unknown Invisible Laser Torture," and "Unknown Stalkers." In her amended complaint, although it is not clear, it appears that Plaintiff alleges that various crimes and torts have been committed against her arising from a medical device was implanted into her body that is used to track her movements and cause her pain.

Upon review, the Court finds that the amended complaint is woefully inadequate and cannot support a cause of action against any of the Defendants. Initially, the Court finds that the amended complaint is essentially incomprehensible. It does not place Defendants on notice of the actual claims

lodged against them because Plaintiff never mentions or identifies any causes of action in the amended complaint other than a bare reference to "negligence" on the first page. Presuming that Plaintiff proceeds under § 1983 based on the boxes checked on the initial form complaint (Doc. # 1), even when liberally construing the facts and narrative statements that Plaintiff included with her amended complaint, there is no factual basis to support her claims. Plaintiff has failed to provide a "short and plain" statement of the facts. *See* Fed. R. Civ. P. 8. Instead, the amended complaint consists of "a rambling series of incomprehensible allegations." *See Beekman v. Fed. Home Loan Mortg. Corp.*, No. 16-81477-CIV-MARRA, 2017 WL 7733274, at *2 (S.D. Fla. Nov. 2, 2017) (internal quotation omitted). The paragraphs are overly long, each of them containing a "confusing combination of facts, legal analysis, and bare accusations." *See Thomason v. Ala. Home Builders Licensure Board*, 741 F. App'x 638, 641 (11th Cir. 2018). It is not clear which Defendants are responsible for which acts or omissions, to the extent that any acts or omissions are even alleged. Plaintiff further fails to identify any constitutional violations. Because Plaintiff has failed to place Defendants on notice of the claims against them or advance any plausible claim upon which relief can be granted, her amended complaint must be dismissed.

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment is futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). A district court may dismiss a complaint *sua sponte* if the complaint is patently frivolous. *See*

*Guthrie v. United States Gov't,* No. 17-80390-MIDDLEBROOKS, 2017 WL 5479877, at *2 (S.D. Fla. Mar. 31, 2017) (internal citations omitted); *Morris v. Bush*, No. 1:07-cv-00187-MP-AK, 2008 WL 4525016, at *1 (N.D. Fla. Oct. 6, 2008). "A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'" *Guthrie*, 2017 WL 5479877, at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A review of the amended complaint shows that Plaintiff's allegations are patently frivolous, completely irrational, and wholly incredible. Because the allegations are frivolous and any amendment would be futile, this action should be dismissed with prejudice. *See Gary v. United States Gov't,* 540 F. App'x 916, 916-18 (11th Cir. 2013) (affirming the *sua sponte* dismissal of complaint with prejudice where the plaintiff sued a number of high-level government officials and intelligence agencies, alleging that they had implanted microchips into her body that were "used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain"); *Guthrie*, 2017 WL 5479877, at *2-3 (*sua sponte* dismissing complaint with prejudice where the plaintiff sued the United States government, along with other parties, for committing crimes and torts against him over a thirteen year period, including allegations that the government conspired to "burgle his home, drug him, and install surveillance"); *Morris*, 2008 WL 4525016, at *1 (*sua sponte* dismissing complaint with prejudice where the plaintiff sued government officials, including Senators Hillary Clinton and Barack Obama, for "stalking, slander, domestic abuse, and corruption of blood" by blocking his college application and fraudulently obtaining student loans in the plaintiff's name).

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's amended complaint (Doc. # 12) is dismissed with prejudice.
2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of December, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**